IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02170-PAB-STV
(Consolidated with Civil Action No. 20-cv-02838-NYW)

---

Civil Action No. 20-cv-02170-PAB-STV

ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.

KATHRYN PALM,

    Defendant.

---

Civil Action No. 20-cv-02838-PAB-STV

KATHRYN PALM,

    Plaintiff,

v.

ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

---

# ORDER

This matter is before the Court on Kathryn Palm's motion to dismiss [Docket No. 15] filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Esurance Property and Casualty Insurance Company ("Esurance") responded, Docket No. 29, to which Palm replied. Docket No. 33. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

I. BACKGROUND[1]

This dispute arises out of a motor vehicle accident that occurred on October 21, 2017 between John J. Dahmer[2] and Palm. Docket No. 1 at 2, ¶ 9. Palm had insurance through Esurance under Policy No. PACO-006415631 (the "policy") for $25,000 in liability bodily injury coverage. *Id.*, ¶ 10. On December 21, 2017, Dahmer made a claim with Esurance under Palm's policy for the $25,000 liability limit. *Id.*, ¶¶ 11, 14. After Dahmer made the demand, Esurance agreed to pay the liability limit to resolve all accident-related liability against Palm. *Id.*, ¶ 12. On August 6, 2018, however, the Colorado Department of Health Care Policy and Financing (the "Department") also made a claim for Esurance's $25,000 policy limit and sent notice of a lien to Esurance

---

[1] The facts are taken from plaintiff's complaint [Docket No. 1] and are presumed to be true for purposes of this order. Esurance filed an unopposed motion to consolidate Case No. 20-cv-02170-PAB-STV with *Kathryn Palm v. Esurance Prop. & Cas. Ins. Co.*, No. 20-cv-02838-NYW. Docket No. 12. The Court consolidated the cases because they arose out of the same motor vehicle collision that occurred on October 21, 2017 and involve Esurance's handling of a claim that Dahmer asserted against Palm, who was Esurance's insured, for personal injuries and the excess verdict that Dahmer secured against Palm in a separate state-court action. Docket No. 19 at 2. In Case No. 20-cv-02170-PAB-STV, Esurance sought a declaratory judgment to determine the propriety of an interpleader action that it filed in Denver District Court to determine whether Dahmer or a lien creditor should receive the policy limit. Case No. 20-cv-02170-PAB-STV, Docket No. 1 at 3, ¶ 23. In Case No. 20-cv-02838-NYW, Palm asserted a claim of bad faith breach of insurance contract based on Esurance's failure to settle Dahmer's claim against her. Case No. 20-cv-2838-NYW, Docket No. 1-2 at 4.

[2] Esurance, Palm, and Dahmer stipulated to the dismissal of Dahmer on January 15, 2021. Docket Nos. 37, 38. Dahmer agreed to "stipulate to any declaratory judgment entered in this case" and to be "bound by any decisions, judgments[,] and rulings of the Court entered in this action as may relate to the rights and obligations under [the insurance policy at issue in this case], or any claims Palm could assert against Esurance." *Id.* In addition, Palm "agree[d] that she will not assert that Dahmer is an indispensable party to the declaratory judgment action or that Esurance has otherwise failed to join Dahmer as a party." *Id.*

for $97,098.62 for medical care provided to Dahmer. *Id.* at 2–5, ¶¶ 13, 18, 34. By September 17, 2018, Esurance and Dahmer had agreed that Dahmer would be paid the full $25,000 policy limit upon receipt by Esurance of a "signed release and waiver of all liens" from Dahmer. *Id.* at 2–3, ¶¶ 15–16. Esurance believed that Dahmer's claim had settled for the policy limit. *Id.* at 3, ¶ 17. The settlement, however, was never completed.

On November 9, 2018, Esurance filed an interpleader action in Denver District Court, naming as defendants Dahmer and the Department, alleging that there were competing claims to the $25,000 as between Dahmer and the Department and requesting that the court determine which of the defendants should receive the $25,000. *Id.* at 3, ¶¶ 19–23. In the Department's answer, the Department admitted that its lien was for "medical assistance provided by the Colorado Medicaid program to Defendant Dahmer for injuries he received in the October 21, 2017 accident" and that the lien was for $99,391.25. *Id.* at 4, ¶¶ 26–27. The Department also admitted that it had a statutory lien on the $25,000 policy limit pursuant to Colo. Rev. Stat. §§ 25.5-4-301(4)–(6) and expressly made a claim to the $25,000 policy limit. *Id.*, ¶¶ 28, 30. The Department stated that its statutory lien was against any settlement from a liable third party, including insurance proceeds under Colo. Rev. Stat. § 25.5-4-301(5)(a), and that, under Colorado law, "the insurance settlement cannot be satisfied and disbursed to Dahmer until the Medicaid lien is satisfied" under Colo. Rev. Stat. § 25.5-4-301(5)(b), which, the Department argued, would require a determination by the court. *Id.* at 5, ¶¶ 34–36.

Dahmer filed a motion to dismiss the interpleader action for failure to state a claim, arguing that the Department's lien could not attach until there was a judgment or settlement and the proceeds of the judgment or settlement actually "transfer[red] into [Dahmer's] possession because the right is against the Medicaid recipient's property, not the property of a third party." *Id.* at 5–6, ¶¶ 37–40. The court denied Dahmer's motion to dismiss and also denied a motion to stay the interpleader action. *See id.* at 6–7, ¶¶ 46, 50.

On December 13, 2018, Dahmer filed a complaint against Palm in Denver District Court for damages for personal injuries suffered in the accident. *Id.* at 7, ¶¶ 53–54. The case proceeded to trial. A jury returned a verdict for Dahmer in the amount of $3,750,161.65. *Id.* at 8, ¶ 58.

In order to recover the judgment, Dahmer and Palm agreed that Palm would sue Esurance, pay Dahmer $50 per month, and abandon her appeal of the jury verdict in the personal injury action. *Id.*, ¶¶ 61–62.[3] Palm has sued Esurance pursuant to this agreement. *Id.* at 9, ¶ 66.[4]

Esurance argues that it owes no further amounts under the policy or otherwise on behalf of Palm. *Id.*, ¶ 73. It seeks a declaratory judgment under 28 U.S.C. § 2201 that the interpleader action was proper, that filing the interpleader action did not

---

[3] This is known as a *Bashor* agreement under Colorado caselaw. *See Northland Ins. Co. v. Bashor*, 494 P.2d 1292 (Colo. 1972).

[4] Palm filed this lawsuit in Denver District Court on August 19, 2020. Case No. 20-cv-02838-PAB-STV, Docket No. 6. The matter was removed on September 18, 2020. Case No. 20-cv-02838-PAB-STV, Docket No. 1. As mentioned previously, Palm's lawsuit was consolidated with the declaratory judgment action on October 28, 2020. Docket No. 19.

constitute bad faith or a breach of industry standard or Colorado law, that it was reasonable for Esurance to proceed based on the understanding that there was a settlement, and that Esurance has no liability for Palm and Dahmer. *Id.* at 9–10, ¶ 71–72, 74.

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

A motion under Federal Rule of Civil Procedure 12(b)(1) is a request for the Court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff bears the burden of establishing that the Court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). When the Court lacks subject matter jurisdiction over a claim for relief, dismissal is proper under Rule 12(b)(1). *See Jackson v. City & Cnty. of Denver*, No. 11-cv-02293-PAB-KLM, 2012 WL 4355556 at *1 (D. Colo. Sept. 24, 2012).

Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When reviewing the factual basis on which subject matter jurisdiction rests, the district court does not presume the truthfulness of the complaint and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed

jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted). Consideration of evidence outside the pleadings does not convert the motion to a Rule 56 motion. *Id.*

### B. Failure to State a Claim

Dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) is appropriate where a party fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)'s "short and plain statement" mandate requires that a party allege enough factual matter that, taken as true, makes his "claim to relief . . . plausible on its face." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at

555) (ellipses omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson*, 534 F.3d at 1286.

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

### C. Declaratory Judgment Act

The Declaratory Judgment Act (the "Act") provides: "In a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act creates two separate requirements that parties seeking a declaratory judgment must meet. *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). First, there must be an "actual controversy" at issue. *Surefoot LC*, 531 F.3d at 1240 (noting that the "actual controversy" requirement is tied to the case-or-controversy requirement of Article III of the United States Constitution).

In determining if an "actual controversy" exists, the Supreme Court noted that its previous decisions require

> that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks and alteration marks omitted). Stated otherwise, "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.

Once a district court satisfies itself that an "actual controversy" exists, the court then turns to the second requirement under the Act. This step embraces the permissive language of the Act – that a district court "may declare the rights and other legal relations." 28 U.S.C. § 2201(a) (emphasis added). A district court must consider several case-specific factors when deciding whether to exercise its authority to issue a declaratory judgment. *Surefoot*, 531 F.3d at 1240. These factors, referred to as the "*Mhoon* factors," include:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to res judicata'; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.* at 1248 (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). These various "equitable, prudential, and policy arguments" weigh on the court's discretionary decision to either entertain or dismiss a declaratory judgment claim. *MedImmune*, 549 U.S. at 136.

## III. ANALYSIS

### A. Subject Matter Jurisdiction

Palm moves to dismiss Esurance's declaratory judgment claim for lack of subject matter jurisdiction. Docket No. 15 at 7–8. Palm argues that Esurance has not shown that the Court has subject matter jurisdiction because "the Complaint does not establish the existence of the constitutionally required actual case or controversy." *Id.* at 7. Palm claims that, because the purpose of a declaratory judgment action is to "permit 'actual controversies to be settled before they ripen into violations of law,' not to adjudicate past conduct," the Court cannot determine whether Esurance committed a tort or breached the policy. *Id.* (quoting 10B Wright & Miller, Fed. Prac. & Proc. Civ. § 2751 (4th ed.)). The Court lacks subject matter jurisdiction, Palm argues, because declaratory judgments are "meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability [or lack thereof] from a past act." *Id.* (quoting *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008) (unpublished) (citing *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004) (McConnell, J., concurring) ("[A] declaratory judgment action involving past conduct that will not recur is not justiciable."))). Palm states that Esurance has not demonstrated that the "matter is

definite, concrete, touches on the legal relations of the parties, and is sufficiently immediate and real to constitute an actual controversy"; rather, Esurance "seeks affirmation of the reasonableness of past actions it took which materially harmed its insured." *Id.* at 8.

Esurance argues that there is an actual case or controversy between the parties regarding Esurance's responsibility for the judgment entered against Palm and whether Esurance owes any further amount to either driver. Docket No. 29 at 6. Esurance also argues that the purpose of the Act is to provide insurers with a forum to have their rights and liabilities declared, and the Tenth Circuit has held that a district court may interpret an insurance policy under the Act "notwithstanding the contingent nature of the right or obligation at issue." *Id.* at 7 (citing *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989)). Esurance contends that the parties have adverse interests and that the controversy manifested when Palm dismissed her appeal, entered into the agreement with Dahmer to sue Esurance, and filed her bad faith lawsuit. *Id.* The declaratory relief that Esurance seeks, it argues, is not focused on past acts, as Palm contends, but rather on Esurance's current obligations. *Id.* at 7–8.

The Court concludes that there is an actual controversy between the parties. Article III limits a federal court's jurisdiction to "cases and controversies." U.S. Const. art. III, § 2, cl. 1. In the context of declaratory relief, the Tenth Circuit has held that "we look beyond the initial controversy which may have existed at one time and decide whether the facts alleged show that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Chihuahuan*

10

*Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008) (quoting *Beattie v. United States*, 949 F.2d 1092, 1094 (10th Cir. 1991)).  Here, a jury returned a verdict for Dahmer in his action against Palm, and the court entered judgment for Dahmer in the amount of $3,750,161.65.  Docket No. 1 at 8, ¶ 58.  Palm has filed a lawsuit against Esurance, arguing that Esurance negotiated with Dahmer in bad faith by refusing to settle his claim for the policy limit.  *Id.*, ¶¶ 61–62; *id.* at 9, ¶ 66.  Esurance, however, contends that it is not liable for any additional damages beyond the policy limit.  There is, therefore, a "definite and concrete" dispute "touching the legal relations of parties having adverse legal interests" that can be resolved "through a decree of a conclusive character."  *MedImmune*, 549 U.S. at 127.  The Court concludes that "there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality."  *Id.*  The Court will not dismiss the declaratory judgment claim under Rule 12(b)(1).

### B.  Failure to State a Claim

Palm also moves to dismiss the declaratory judgment claim because, she argues, dismissal of such a claim is appropriate when the judgment sought is duplicative of substantive legal claims.  Docket No. 15 at 9 (citing *Perry v. H.J. Heinz Co. Brands, LLC*, 2019 WL 2423231, at *4–5 (E.D. La. June 10, 2019)).  Palm argues that a claim for declaratory judgment is duplicative when resolution of other claims would render the declaratory judgment superfluous.  *Id.* (citing *Perry*, 2019 WL 2423231, at *4–5).  Palm construes Esurance's complaint as an improper request that the Court "rule as a matter of law on what are clearly questions of fact" and argues that

Esurance's request is duplicative of the affirmative defenses it has raised in its answer to Palm's complaint. *Id.* Moreover, Palm insists, resolution of her lawsuit against Esurance will necessarily determine the "reasonableness of Esurance's prior actions" and "whether they constitute violations of any Colorado law." *Id.* at 10.

Esurance argues that dismissal under Rule 12(b)(6) is improper where the complaint alleges the "essential elements of a claim for declaratory relief." Docket No. 29 at 8. Moreover, Esurance argues that its action should not be dismissed simply because another remedy is also available. *Id.* at 9 (citing *ARW Expl. Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir. 1991)). Unlike the relief sought in Palm's complaint, Esurance contends, the relief here also "turns on the critical issue of whether Palm breached the policy by abandoning her appeal" of Dahmer's verdict. *Id.* Esurance distinguishes *Perry* on the grounds that, in that case, the declaratory relief was sought as a counterclaim and was determined duplicative for that reason. *Id.* at 10. Finally, Esurance argues that its complaint for declaratory relief was filed before Palm's complaint in the consolidated case. *Id.* at 11.

While it is true that "jurisdiction should not be refused merely because another remedy is available," *Aguirre*, 947 F.2d at 454, "[a] federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Id.* (quoting *Kunkel*, 866 F.2d at 1276). Here, Palm's lawsuit includes a bad-faith claim against Esurance for, among other things, its refusal to settle Dahmer's claim against Palm for the policy limit and exposing her to the risk of a jury verdict if Dahmer sued

her. While Esurance's declaratory judgment claim largely focuses on the appropriateness of the interpleader action by Esurance against Dahmer and the Department, that issue will inevitably feature prominently in Palm's bad faith claim. The same is true for Esurance's claim that Palm failed to cooperate. In its answer to Palm's complaint, Esurance raises an affirmative defense of Palm's lack of cooperation. *See* Case No. 20-cv-02838-PAB-STV, Docket No. 13 at 6–7. Therefore, both of Esurance's concerns, namely, the propriety of the interpleader action and whether Palm complied with her obligations under the policy, would be resolved in Palm's case. As a result, the Court finds that its determination of whether Esurance acted in bad faith in its dealings with Dahmer will likely resolve Esurance's concerns with regard to the interpleader action and Dahmer's jury verdict, as well as whether Palm breached the policy in not appealing the verdict. Nevertheless, because the Tenth Circuit has explained that a "declaratory action by an insurer to establish nonliability under casualty insurance was one of the prime purposes of the Declaratory Judgment Act," *see W. Cas. & Sur. Co. v. Teel*, 391 F.2d 764, 766 (10th Cir. 1968), the Court declines to dismiss the declaratory judgment claim under Rule 12(b)(6).

### C. Dismissal Under Declaratory Judgment Act

The Court's inquiry, however, is not complete, as it must consider the appropriateness of a declaratory judgment under the *Mhoon* factors discussed above. Palm argues that the Court should decline to exercise jurisdiction because a declaratory judgment in this matter will neither "clarify or settle the legal relations in issue" nor "terminate or afford relief from the uncertainty giving rise to the proceeding." Docket

No. 15 at 11 (citing E. Borchard, *Declaratory Judgments* 299 (2d ed. 1941)). Palm also contends that consideration of the *Mhoon* factors precludes declaratory relief. *Id.* Esurance disagrees and argues that consideration of the *Mhoon* factors warrants denying Palm's motion to dismiss. Docket No. 29 at 12.

### *1. Whether a Declaratory Action Would Settle the Controversy*

Although Palm's claims will resolve Esurance's issues, the same cannot be said of whether Esurance's declaratory action will resolve Palm's claims. In the event that the Court rules against Esurance on its declaratory relief claims, there would still be issues remaining on Palm's bad faith claims, such as whether the filing of the interpleader action, as a matter of fact not law, constituted bad faith on Esurance's part, whether Palm suffered damages, and, if so, in what amount. These issues are not identified as issues in Esurance's declaratory relief claims. As a result, this factor weighs in favor of granting Palm's motion.

### *2. Whether it Would Serve a Useful Purpose in Clarifying the Legal Relations at Issue*

The Court finds that a declaration by the Court on the issues that Esurance requests would not clarify the issues regarding Esurance's liability with respect to Palm and Dahmer, given that Esurance's case and Palm's case have been consolidated. If Esurance believes that no fact issues preclude resolution of its issues, it can file a motion to dismiss under Rule 12(b)(6) or for summary judgment. Thus, adjudication of Esurance's declaratory judgment claim would not serve a useful purpose in clarifying the legal relations at issue in this case. *Cf. Addison Ins. Co. v. Rippy*, No. 08-cv-00237-

PAB-MJW, 2009 WL 723322, at *5 (D. Colo. Mar. 18, 2009).  The Court finds, therefore, that this factor also weighs in favor of granting Palm's motion.

### 3. Whether the Declaratory Remedy is Being Used Merely for the Purposes of "Procedural Fencing" or "to Provide an Arena for a Race to Res Judicata"

Esurance insists that it is not engaged in "procedural fencing" and has not used its request for declaratory relief to "provide an arena for a race to *res judicata*." Docket No. 29 at 14.  It states that it properly commenced this action when "the actual controversy ripened, i.e., Palm abandoning her appeal" and entering into the agreement with Dahmer.  *Id.* (citing *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 391 (5th Cir. 2003)).  Palm, however, argues that Esurance knew that she would file a bad faith lawsuit and then there was a "race to the courthouse" between Palm and Esurance, which is grounds for "refusal to entertain a request for declaratory relief."  Docket No. 15 at 13.

The Court finds that this factor weighs in favor of denying Palm's motion.  There is no evidence that Esurance has engaged in procedural fencing or that it is racing to *res judicata*.  Furthermore, even if Esurance intended to do so, the cases are now consolidated, which obviates any *res judicata* concern that may have existed before consolidation.

### 4. Whether the Use of a Declaratory Action Would Increase Friction Between our Federal and State Courts and Improperly Encroach upon State Jurisdiction

Palm argues that, "[a]lthough Esurance has removed [her] bad faith lawsuit to federal court, resolution of these questions of Colorado law is more proper in the

15

context of the bad faith lawsuit than by an inappropriate retrospective declaratory judgment." *Id.* at 13. This argument is not relevant. Given that Palm's case was removed to federal court, there will be no friction between federal and state courts and no improper encroachment on state jurisdiction. This factor weighs in favor of denying Palm's motion.

### 5. Whether There is an Alternative Remedy Which is Better or More Effective

Palm argues that this factor "weighs heavily against the Court exercising jurisdiction" because Esurance's request that the Court declare that it did not act in bad faith is a fact question for the jury to answer when there is conflicting evidence and, therefore, it would be inappropriate for the Court to declare that Esurance was acting reasonably or in good faith. *Id.* at 13. Esurance argues that the bad faith action is not a more effective alternative remedy because resolution of the bad faith action will not resolve the additional issues "involved in this action, including Palm's noncooperation." Docket No. 29 at 15. The Court finds that both parties' concerns are less relevant given the consolidation of the actions.

The Court finds unconvincing Esurance's argument that Palm's purported non-cooperation is not addressed in her bad faith action, given that one of Esurance's affirmative defenses to Palm's complaint is that she failed to cooperate. *See* Case No. 20-cv-02838, Docket No. 13 at 6. Moreover, the Court agrees with Palm that fact issues likely pervade both Esurance's handling of the interpleader action and the issue of whether Palm's *Bashor* agreement violated her duty of cooperation under the policy. While declaratory judgment claims can be resolved by a jury, *see, e.g.*, *Fischer Imaging*

*Corp. v. Gen. Elec. Co.*, 187 F.3d 1165, 1168 (10th Cir. 1999); *Monroe Prop., LLC v. Bachelor Gulch Resort, LLC*, 374 F. Supp. 2d 914, 923 (D. Colo. 2005), such issues are more effectively resolved through Palm's bad faith claim and Esurance's affirmative defenses.  Moreover, the Court finds that parallel claims, i.e., Palm's bad faith claim and Esurance's declaratory judgment claims, pose a danger of jury confusion, which can be eliminated by dismissing the declaratory judgment claim.  Esurance has not shown that it would suffer any prejudice as a result of dismissing the declaratory judgment claim, given that its interests will be addressed in Palm's case.  This factor weighs strongly in favor of granting Palm's motion and declining jurisdiction.

The Court finds that the *Mhoon* factors weigh in favor of declining to exercise jurisdiction over Esurance's declaratory judgment claim.  The *Mhoon* factors are typically applied when there is "parallel litigation in state and federal courts."  *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1195 (D. Colo. 2018) (collecting cases); *see also Cypress Advisors, Inc. v. Davis*, No. 16-cv-01935-PAB-MEH, 2021 WL 1751158, at *4 (D. Colo. May 4, 2021).  If there is no parallel state action, courts may decline jurisdiction over a declaratory judgment "where a plaintiff seeks declaratory relief that would resolve the same issues raised by other claims brought in the same action."  *TBL Collectibles*, 285 F. Supp. 3d at 1195.  This is because the declaratory judgment will serve no useful purpose when it addresses issues resolved by other claims.  *See id.* (citation and quotations omitted).  Moreover, exercising jurisdiction and hearing Esurance's declaratory judgment claim would not clarify the issues.

The Court also finds that, although there is no evidence of a race to *res judicata* or encroachment on state jurisdiction, these factors are outweighed by the more effective resolution of the parties' claims through Palm's bad faith claim. The Court will thus grant Palm's motion and will dismiss Esurance's declaratory judgment claim.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant Kathryn Palm's Motion to Dismiss [Docket No. 15] is **GRANTED**. It is further

**ORDERED** that Esurance Property and Casualty Insurance Company's claim for declaratory judgment is **DISMISSED without prejudice**.

DATED September 30, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge